**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **TYRONE LYNCH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No. 2:15-04906** |
| **v.** | ) | |
| | ) | |
| **TERRY O'BRIEN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 17, 2015, Petitioner, acting *pro se* and incarcerated at USP Hazelton, filed an

Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1]

(Document No. 1.) Essentially, Petitioner challenges the validity of his conviction and sentence

imposed by the Northern District of Ohio. Having considered Plaintiff's claims in this matter and

circumstances apparent from the record of the proceedings in the Northern District of Ohio, the

undersigned has concluded that this matter should be transferred to the Northern District of Ohio

in the interest of justice pursuant to 28 U.S.C. § 1631.

**BACKGROUND**

On July 14, 2014, Petitioner pled guilty in the United States District Court for the Northern

District of Ohio to one count of Possession with Intent to Distribute Cocaine Base in violation of

21 U.S.C. § 841(a)(1) (Count One); and one count of being a Felon in Possession of a Firearm and

Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Two). United States v. Lynch, Case No.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1:13-cr-00535 (N.Oh. Sep. 23, 2014), Document No. 28. On September 23, 2014, the District Court sentenced Petitioner as an armed career criminal to a total term of 188 months of imprisonment, to be followed by a three-year term of supervised release. Id., Document Nos. 43 and 44.

On February 14, 2015, Petitioner, acting *pro se*, filed in the Northern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Lynch, Case No. 1:13-cr-00535, Document No. 54. By Order entered on February 27, 2015, the District Court dismissed without prejudice Petitioner's Section 2255 Motion. Id., Document No. 56. Specifically, the District Court determined that Petitioner's Section 2255 Motion was premature because Petitioner's appeal of his conviction and sentence was still pending before the Sixth Circuit Court of Appeals. Id. Recently, by Order filed on April 6, 2015, the Sixth Circuit affirmed the District Court's judgment and dismissed Petitioner's appeal. United States v. Lynch, No. 14-4028 (6th Cir. April 6, 2015).

Petitioner filed the instant Petition on April 17, 2015. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges that the District Court improperly sentenced him as an armed career criminal. (Document No. 1.) On April 22, 2015, the Court notified Petitioner of its intention to re-characterize his Section 2241 Petition as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). (Document No. 3.) On April 29, 2015, Petitioner filed his Response stating that he consents to his Section 2241 Petition being "re-characterized as his initial § 2255 motion to vacate and transferred to Ohio District Court for review." (Document No. 4.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or

ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In his Section 2241 Petition, Petitioner is requesting that his sentence be vacated because the District Court improperly sentenced him as an armed career criminal. Petitioner is therefore claiming that his sentence is invalid. His assertions are in the nature of those typically considered under Section 2255. By Order and Notice entered on April 17, 2015, the Court notified Petitioner that his claims are ones properly considered under Section 2255, not Section 2241. (Document No. 3.) Subsequently, Petitioner advised the Court that he agreed that his Section 2241 Petition should be construed as a Section 2255 Motion. (Document No. 4.) Accordingly, in view of the nature of his claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Northern District of Ohio. This District Court does not have jurisdiction to consider

3

Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Northern District of Ohio.

Consideration must be given to whether this matter should be dismissed or transferred to the Northern District of Ohio. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer.[2] See Wilson v. Williamson, 2006 WL 218203, *

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

2 (S.D.W.Va.)(Chief Judge Faber presiding). The undersigned finds that Petitioner's claims in this matter are deserving of consideration by the District Court with jurisdiction (the Northern District of Ohio), that the transfer of this matter is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Northern District of Ohio pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Northern District of Ohio.

ENTER: April 30, 2015.

R. Clarke VanDervort
United States Magistrate Judge